--------------------------------------------------------------------------------

FROM: Brown, Hamilton
TO: 05711068
SUBJECT: Motion to Reduce 3582
DATE: 05/03/2026 04:51:02 PM

**FILED**

Statesville, NC

JUN - 2 2026

Clerk, US District Court
Western District of NC

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**TEOFILO SALINAS CERVIN,**
Defendant,
**Case No.:** 3:16-cr-00020-MR-1
**District Judge:** Hon. Martin Reidinger
**Inmate Register Number:** 30412-058
### **COMBINED MOTION FOR RECONSIDERATION OF DENIAL OF SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821, AND FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**
**TABLE OF CONTENTS**
* **I. INTRODUCTION AND SUMMARY OF RELIEF SOUGHT**
* **II. JURISDICTION AND VENUE**
* **III. PROCEDURAL AND FACTUAL BACKGROUND**
 * A. The Underlying Offense and Initial Sentencing
 * B. The Prior Motion Under Amendment 821 and Subsequent Denial
 * C. Exhaustion of Administrative Remedies with the Bureau of Prisons
 * D. Institutional Adjustment and Rehabilitation
* **IV. APPLICABLE LEGAL STANDARDS**
 * A. Standard for Reconsideration in Criminal Proceedings
 * B. Standard for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) and Amendment 821
 * C. Standard for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)
* **V. ARGUMENT**
 * A. The Court Should Reconsider the Denial of the Amendment 821 Reduction
 * 1. The Defendant Fully Qualifies Under the § 4C1.1 Criteria
 * 2. Application of Fourth Circuit Precedent (*United States v. Barrett*)
 * 3. The Interplay of *Concepcion v. United States*
 * B. Extraordinary and Compelling Reasons Support Compassionate Release
 * 1. Gross Disparity Between the Original Sentence and Current Guidelines
 * 2. Disparities Created by Non-Retroactive Guideline Amendments
 * 3. Rehabilitation and Post-Sentencing Conduct
 * C. The 18 U.S.C. § 3553(a) Factors Weigh Heavily in Favor of Relief
* **VI. CONCLUSION AND PRAYER FOR RELIEF**
* **CERTIFICATE OF SERVICE**
### **I. INTRODUCTION AND SUMMARY OF RELIEF SOUGHT**
The Defendant, Teofilo Salinas Cervin (Register Number 30412-058), appearing *pro se*, respectfully submits this combined motion for reconsideration of his sentence reduction under U.S. Sentencing Commission Amendment 821 and for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Cervin is currently serving a 210-month sentence imposed by this Court on August 10, 2016, following his conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.
Having served over nine (9) years in federal custody and demonstrating an exceptional record of rehabilitation while maintaining a disciplinary-free record Mr. Cervin seeks the intervention of this Court.
First, Mr. Cervin requests that the Court reconsider its prior denial of his motion under Amendment 821 (Part B - Zero-Point Offender Adjustment, U.S.S.G. § 4C1.1). Recent Fourth Circuit precedent, specifically *United States v. Barrett*, No. 24-6293, 2025 WL 920997 (4th Cir. Mar. 27, 2025), clarifies that district courts must re-evaluate how revised criminal history calculations impact the overall guideline range and the Court's sentencing discretion.
Second, if the Court determines that Mr. Cervin is not eligible for a guidelines-based reduction, he alternatively moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Cervin has fully exhausted his administrative remedies with the Bureau of Prisons (BOP), having submitted a formal Request for Compassionate Release to the Warden at FCI Hazelton on March 12, 2026, which was not granted within the statutory 30-day window.

For the reasons set forth below, Mr. Cervin respectfully requests that the Court reconsider its prior determination, apply the zero-point reduction to his total offense level, or in the alternative, reduce his sentence to time served or a significantly reduced term of imprisonment.

### **II. JURISDICTION AND VENUE**

This Court has jurisdiction to modify the Defendant's sentence pursuant to 18 U.S.C. § 3582(c), which empowers district courts to reduce a term of imprisonment based on retroactive amendments to the Sentencing Guidelines or upon a showing of extraordinary and compelling reasons under § 3582(c)(1)(A). Venue is proper in the Western District of North Carolina, Asheville Division, as this was the district of conviction and sentencing.

### **III. PROCEDURAL AND FACTUAL BACKGROUND**

#### **A. The Underlying Offense and Initial Sentencing**

On September 30, 2015, the Defendant was charged in a multi-count indictment with participating in a conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Defendant accepted responsibility and entered a plea agreement.

On August 10, 2016, this Court sentenced the Defendant to a term of 210 months of imprisonment, to be followed by 5 years of supervised release. At the time of sentencing, the Court applied a baseline offense level and calculated his criminal history points. Although the Defendant had zero criminal history points at the time, the application of guidelines provisions in effect at the time resulted in a substantial term of imprisonment. The sentence commenced on August 10, 2016, though he has earned jail credits dating back to September 18, 2015.

#### **B. The Prior Motion Under Amendment 821 and Subsequent Denial**

Following the enactment and retroactive application of Amendment 821 (Part B), which introduced the "zero-point offender" guideline at U.S.S.G. § 4C1.1, the Defendant filed a *pro se* motion for a reduction of sentence. The motion was denied by the District Court on the grounds that the Defendant's conviction involved the broader drug conspiracy statute. The denial was affirmed on appeal (Appeal No. 23-7191).

The Defendant now requests reconsideration, as previous factual interpretations overlooked his full qualification under the specific ten-factor test of U.S.S.G. § 4C1.1.

#### **C. Exhaustion of Administrative Remedies with the Bureau of Prisons**

On March 12, 2026, the Defendant, acting *pro se*, submitted a formal request to the Warden of FCI Hazelton, requesting that the institution file a motion for compassionate release on his behalf. The request detailed the length of time served, the disparity in sentences under current guidelines, and the Defendant's institutional rehabilitation.

More than 30 days have elapsed since the submission of this request, and the Warden has not issued a favorable determination or provided any substantive response. Therefore, the Defendant has fully exhausted all administrative remedies as required by § 3582(c)(1)(A).

#### **D. Institutional Adjustment and Rehabilitation**

While incarcerated at FCI Hazelton, the Defendant has maintained an exemplary record. He has not incurred any disciplinary infractions (*Incident Reports*) throughout his nine-year period of incarceration. The Defendant has participated in vocational training, educational classes, and drug education programs.

Furthermore, the Defendant has earned credit under the First Step Act (FSA), which has adjusted his projected release date to September 27, 2029.

### **IV. APPLICABLE LEGAL STANDARDS**

#### **A. Standard for Reconsideration in Criminal Proceedings**

Although the Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration, the Fourth Circuit has long recognized that district courts possess the inherent authority to reconsider interlocutory and dispositive orders in criminal cases. *See United States v. Smith*, 792 F.3d 601 (4th Cir. 2015). Reconsideration is appropriate to:

* Correct manifest errors of law or fact;
* Account for controlling changes in the law; and
* Prevent fundamental injustice.

#### **B. Standard for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)**

Section 3582(c)(2) provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a), if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

#### **C. Standard for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)**

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to bring motions for compassionate release directly to the district court after exhausting administrative rights. The statute permits the Court to reduce the term of imprisonment if it finds that:

* Extraordinary and compelling reasons warrant the reduction; or
* The defendant is at least 70 years of age and has served at least 30 years in prison; and
* The reduction is consistent with applicable policy statements issued by the Sentencing Commission (U.S.S.G. § 1B1.13).

### **V. ARGUMENT**

#### **A. The Court Should Reconsider the Denial of the Amendment 821 Reduction**

##### **1. The Defendant Fully Qualifies Under the § 4C1.1 Criteria**

Part B of Amendment 821 created U.S.S.G. § 4C1.1, which provides a two-level decrease for offenders with zero criminal history points. To qualify for this adjustment, a defendant must meet all 10 criteria under § 4C1.1(a):

1. **Zero points:** The defendant did not receive any criminal history points under Chapter Four. (Mr. Cervin had 0 criminal history points, placing him in Category I).
2. **No aggravating role:** The defendant did not receive an adjustment for an aggravating role under § 3B1.1. (Mr. Cervin did not receive this adjustment).
3. **No violence:** The defendant did not engage in violence or credible threats of violence in connection with the offense.
4. **No serious injury:** The instant offense did not result in death or serious bodily injury.
5. **Not a sex offense:** The offense is not a sex offense.
6. **No financial hardship:** The defendant did not personally cause substantial financial hardship.
7. **No firearm involvement:** The instant offense did not involve the possession, use, or discharge of a firearm. (The 18 U.S.C. § 924(c) charge was dismissed).
8. **Not a weapon violation:** The instant offense is not a violation of 18 U.S.C. § 229 or similar statutes.
9. **Not on registry:** The defendant is not on the national sex offender registry.
10. **No explosive/chemical weapon:** The defendant did not distribute an explosive or chemical weapon.

Because Mr. Cervin satisfies all 10 prongs of the zero-point offender criteria, the application of the guideline is proper.

##### **2. Application of Fourth Circuit Precedent (*United States v. Barrett*)**

In *United States v. Barrett*, No. 24-6293, 2025 WL 920997 (4th Cir. Mar. 27, 2025), the Fourth Circuit considered the scope of a district court's authority when reviewing motions to reduce sentences pursuant to retroactive sentencing guidelines amendments. The Court held that:

> *"a district court evaluating a sentence reduction motion predicated on a retroactive Sentencing Guidelines amendment may consider the retroactive effect of the amendment on other guidelines provisions it may not have been able to consider previously."*

>
*Barrett* confirms that district courts are not narrowly constrained in their review of amended guideline ranges. Here, the prior denial did not fully account for how the adjustment under § 4C1.1 would alter the overall guideline calculation and the ultimate sentence.

##### **3. The Interplay of *Concepcion v. United States***

In *Concepcion v. United States*, 142 S. Ct. 2389 (2022), the Supreme Court held that the First Step Act allows district courts to consider intervening changes of law or fact when deciding whether to reduce a sentence. While *Concepcion* primarily concerned the First Step Act of 2018, its reasoning applies with equal force to amendments under 18 U.S.C. § 3582(c)(2). The Court has broad discretion to consider the changing landscape of sentencing guidelines, including the 2023 zero-point amendment, and to apply it retroactively to prevent an unjust sentencing outcome.

...

FROM: Brown, Hamilton
TO: 05711068
SUBJECT: Motion to reduce part 2
DATE: 05/03/2026 04:51:02 PM

B. Extraordinary and Compelling Reasons Support Compassionate Release**
##### **1. Gross Disparity Between the Original Sentence and Current Guidelines**
Mr. Cervin was sentenced to 210 months of imprisonment under the 2016 guideline regime. The environment in 2016 was characterized by longer, inflexible sentences, especially in large-scale drug conspiracies. In recent years, the U.S. Sentencing Commission has adopted policies recognizing that long sentences for lower-level or non-violent participants in drug conspiracies often fail to serve the goals of sentencing.
The disparity between the 210-month sentence imposed and the sentence the Defendant would receive today under the amended guidelines constitutes an "extraordinary and compelling" reason for a reduction.
##### **2. Disparities Created by Non-Retroactive Guideline Amendments**
In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit held that the disparity created by the elimination of certain sentencing provisions (such as the stacking of 924(c) counts) can serve as an extraordinary and compelling reason for a sentence reduction.
Although the zero-point offender amendment is retroactive, the broader evolution of the sentencing guidelines regarding mandatory minimums and drug quantities further supports a reduction in this case.
##### **3. Rehabilitation and Post-Sentencing Conduct**
As stated by Congress in 28 U.S.C. § 994(t), while rehabilitation alone does not constitute an extraordinary and compelling reason, it must be considered when evaluating an inmate's request for release. Mr. Cervin's behavior inside the institution has been exemplary. He has taken full advantage of the programming available to him, demonstrating a genuine commitment to personal growth.
#### **C. The 18 U.S.C. § 3553(a) Factors Weigh Heavily in Favor of Relief**
Section 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, and the need to avoid unwarranted sentence disparities.
1. **The Nature and Circumstances of the Offense:** The Defendant recognizes the serious nature of the drug conspiracy; however, his role was limited. He was not a leader, organizer, or manager of the conspiracy. He did not use or threaten violence.
2. **The History and Characteristics of the Defendant:** At 54 years of age, Mr. Cervin is at a lower risk for recidivism. His lack of prior criminal history points demonstrates that he is not a danger to the public.
3. **The Need to Avoid Unwarranted Disparities:** Many similarly situated defendants have benefited from the more lenient sentencing guidelines enacted by the Sentencing Commission. A sentence reduction avoids unwarranted sentencing disparities.
4. **Promotion of Respect for the Law and Just Punishment:** The Defendant has served more than 9 years in federal custody. This period of incarceration is sufficient but not greater than necessary to serve the purposes of punishment, deterrence, and rehabilitation.
### **VI. CONCLUSION AND PRAYER FOR RELIEF**
**WHEREFORE**, for the reasons set forth above, the Defendant respectfully requests that this Honorable Court:
1. **GRANT** the motion for reconsideration of the prior denial of the Amendment 821 reduction;
2. **APPOINT** counsel to represent the Defendant in further proceedings if necessary;
3. **REDUCE** the Defendant's term of imprisonment; or, in the alternative,
4. **GRANT** compassionate release under 18 U.S.C. § 3582(c)(1)(A) to time served or to a significantly reduced term of imprisonment.
Respectfully submitted this 3rd day of May, 2026.
Respectfully submitted, *Teofilo Salinas Cervin*
**Teofilo Salinas Cervin** Reg. No. 30412-058
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525
### **VII. CERTIFICATE OF SERVICE**
I hereby certify that on this 3rd day of May, 2026, a true and correct copy of the foregoing Combined Motion was served on the Clerk of Court, Western District of North Carolina, via the Court's electronic filing system (or via U.S. Mail, *pro se*), and a copy was forwarded to the United States Attorney's Office for the Western District of North Carolina.
**Teofilo Salinas Cervin** Reg. No. 30412-058 *Teofilo Salinas Cervin*
FCI Hazelton
P.O. Box 5000

----------------------------------------------------------------------------------------------------

Bruceton Mills, WV 26525